## PETER SCHAEFFER, ET AL.

vs.

## JOHN HENRY SCHAEFFER.

| Superior Court | New London County | File #10588 |

Present: Hon. ALLYN L. BROWN, Judge.

| John F. Barry, | Attorney for the Plaintiff. |
| Andrew B. Davies, | Attorney for the Defendant. |

### MEMORANDUM FILED MARCH 5, 1935.

BROWN, J. November 1, 1924 the plaintiffs, Peter and his wife Florence, moved with their children onto the Pasnik Farm on the Military Highway in Ledyard, which Peter had leased. Peter was a skilled gardner and nurseryman and transplanted from Norwich onto this farm, certain nursery stock which he owned. In the Spring of 1925 Peter's brother, the defendant who has never married and who knew nothing of the nursery business, became his partner. The only capital invested was this nursery stock which Peter had transplanted and the proceeds realized from subsequent sales. Both brothers had other employment, and did the nursery work outside of regular hours, the plaintiff Florence being on the place and attending to sales, etc., in their absence. While a small part of the proceeds of sales may have been expended by the plaintiff Florence for various household needs with the approval of both brothers, the bulk of them was taken by the defendant and banked in his own name, for which he

has never accounted to the plaintiff Peter.

In July 1926 the defendant purchased the Farm from Pasnik, on terms contained in an option to Peter, and subsequently used in excess of $750 of the partnership funds on deposit in the defendant's bank account to pay instalments of principal and interest on the mortgage given in part payment therefor. The plaintiffs contended that under the circumstances the defendant should not have taken title to the place in his own name alone, but that it should have been deeded to the two brothers jointly. Thereupon the defendant agreed that the plaintiffs and their family should make their home on the place during his life time and that upon his death would leave the property to their children, and it was further agreed that the defendant should live there with them, he paying no board, and the plaintiffs paying no rent. This course was followed until August, 1933 when a dispute arose between the parties, the defendant left the premises, and subsequently brought proceedings to evict the plaintiffs therefrom. The defendant had then determined finally to abandon his agreement and by his acts made clear to the plaintiffs that he would perform no further thereunder.

As a result of this situation so created, the plaintiffs seek to recover of the defendant the principal items of bill of particulars upon principles of quasi contract. (Fischer vs. Kennedy, 106 Conn. 484, 495; Bartlett vs. Raidart, Ex., 107 Conn., 691, 694.) These items fall under two heads: board, and cash expended for improvements to the property. It is undisputed that the plaintiffs properly provided board for the defendant from July 17, 1926 to August 8, 1933, a period of 367 weeks, and that it was of the reasonable value of $8 per week. This totals $2,936. But under the principles of the cases above cited, the defendant is only chargeable for the benefit which he received, and as applied to the facts here, that means the net benefit, which is $2936 less $1700, the undisputed fair value of the rent enjoyed by the plaintiffs during this 85 months period at $20 per month, or a total of $1236. So much of the item for board is allowed.

The items for cash expended for improvements are the fourth, fifth, sixth, seventh and eighth of the plaintiff's bill particulars, for the sums of $100., $7., $138., $93. and $25. respectively. Upon these items, as upon most of the other vital facts in the case the testimony of the plaintiffs on the one side and of the defendant on the other is flatly contradictory. The

plaintiffs have testified to these sums spent with the defendant's knowledge. The defendant has either denied this entirely, or as to the items where he has admitted it, has testified that it was spent under agreement that he was to pay but one half which was done through partnership funds used by the plaintiffs to pay the bills. In view of the whole picture presented by the evidence, and of the appearance of the parties upon the witness stand, I do not hesitate to conclude that the truth is on the plaintiffs' side in these particulars. The five items above mentioned are accordingly allowed.

It is conceded that the first item of the bill of particulars is barred by the statute of limitationsand this is disallowed. As to the last item of it in the sum of $164.25 for telephone, it appears that both the plaintiffs and the defendant made payments on this account, and since there is no evidence warranting a finding as to how much was paid by each, this item is disallowed.

A strict application of the rules of pleading might well preclude recovery, in this action brought by the plaintiffs jointly, upon the third item of the bill of particulars for $450. for the individual services of, the plaintiff Florence. The plaintiff Peter, however, has waived any right to object, and if the defendant hasn't also, he apparently can not be prejudiced thereby. I find that $50. per year is fair and reasonable compensation due the plaintiff Florence for this work which she did for the partnership. One half only of the $450. total, or $225., is chargeable against the defendant. This item is allowed in this amount.

As to the defendant's counterclaim, he has failed to sustain his burden of, proving the first item thereof for $64., and this is disallowed. I find that under the second item the defendant paid out for the plaintiffs' benefit for a Frigidaire refrigerator $204.74. This item is allowed in this amount. The third item of $278 paid by the defendant for electricity is allowed, and the fifth item of $60. for January, February and March, 1934, rent is also allowed. I find that under the fourth item the defendant paid for furniture for the plaintiffs $146.33, and this item is allowed in this amount.

Subtracting $689.07, the total of the items allowed on the defendant's counterclaim, from $1829., the total allowed under the plaintiffs' bill of particulars, gives a difference of $1139.93. Judgment may be entered for the plaintiffs to recover this amount of the defendants, plus their costs.